**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Ochoa; Adam O. Design USA, an Arizona corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>Trek Bicycle Corporation,<br><br>    Defendant. | No. CV-10-00195-PHX-FJM<br><br>**ORDER** |

The court has before it defendant Trek Bicycle Corporation's motion for sanctions against plaintiffs' counsel (doc. 78), plaintiffs' counsel Joseph Meaney, Michael Campillo, and Venable, Campillo, Logan & Meaney, P.C.'s response (doc. 82), defendant's reply (doc. 84), and plaintiffs' counsel's notice of supplemental declaration (doc. 85).

**I**

In January 2010, plaintiffs' counsel filed this action on behalf of plaintiffs Adam Ochoa and Adam O. Design. Plaintiffs alleged that defendant, a bicycle manufacturer, was infringing a patent owned by Ochoa and licensed by Adam O. Design. The patent describes a prosthetic leg device and its application to bicycle seat posts. In October 2010, the parties stipulated to a dismissal without prejudice after defendant's counsel confronted plaintiffs' counsel with a recorded assignment of a 50% interest in the patent from Ochoa to Universal Mobility, Inc. Generally, a patent owner alleging infringement must join all co-owners of the patent in order to establish prudential standing under the Patent Act, 35 U.S.C. § 281.

See Israel Bio-Eng'g Project v. Amgen, Inc., 475 F.3d 1256, 1264-65 (Fed. Cir. 2007). Defendant contends that plaintiffs' counsel should be sanctioned for failing to identify and disclose Ochoa's relationship with Universal Mobility. It seeks $383,058.00 in attorneys' fees, expenses, and costs.

According to plaintiffs' counsel, Ochoa approached them in July 2008 about a potential patent infringement claim against defendant. During their evaluation, plaintiffs' counsel represent that they asked Ochoa to provide all documents relevant to the patent. The documents he gave them allegedly indicated that he was the sole owner. As a part of their routine pre-filing investigation, plaintiffs' counsel say that they searched the online database of the United States Patent and Trademark Office ("PTO") for assignments by "Ochoa," which returned six pages of results. There was one assignment by "Ochoa, Adam," which appeared on the first page. It concerned a different patent. Plaintiffs' counsel apparently failed to find the assignment to Universal Mobility because it was on the second page of results under "Ochoa, Adam A." Defendant points out that plaintiffs' counsel also could have searched the database using the number of Ochoa's patent instead of his name, which would have returned the assignment. In addition to the recorded assignment, Ochoa apparently sent Universal Mobility a letter in January 2006 attempting to rescind any assignment he had made. According to plaintiffs' counsel, they were unaware of Universal Mobility, the assignment, or the letter before September 2010.

Apart from plaintiffs' counsel's pre-filing investigation, defendant also faults their conduct during discovery. After plaintiffs' counsel filed an amended complaint in March 2010, defendant requested documents and information concerning the patent's ownership. Plaintiffs' counsel prepared responses that repeated plaintiffs' allegations in the pleadings. Defendant's counsel apparently discovered the assignment to Universal Mobility through the PTO database early on. They say that they were not concerned until plaintiffs failed to identify the assignment during discovery because the PTO database is often incomplete and out of date. After receiving a certified copy of the assignment from the PTO, they confronted plaintiffs' counsel with their knowledge of it in September 2010. Plaintiffs' counsel assert

1  that plaintiffs could have continued with a claim limited to pre-assignment infringement
2  damages or with their original claim, if they were able to join Universal Mobility.
3  Nevertheless, plaintiffs' counsel advised plaintiffs to stipulate to a dismissal without
4  prejudice so that plaintiffs could resolve ownership issues.

## II

6  Defendant argues that plaintiffs' counsel should be sanctioned under 28 U.S.C.
7  § 1927, which provides that an attorney "who so multiplies the proceedings in any case
8  unreasonably and vexatiously may be required by the court to satisfy personally the excess
9  costs, expenses, and attorneys' fees reasonably incurred because of such conduct." It also
10 argues that sanctions are warranted under the court's inherent power to manage its own
11 affairs. See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1108 (9th Cir. 2002) (discussing
12 a court's power to sanction abuse of the judicial process). Conduct that prolongs an action
13 must at least be reckless or in bad faith to be subject to sanctions under § 1927. Id. at 1107-
14 08 (acknowledging lack of clarity on whether recklessness alone may suffice). The court's
15 inherent power, which "must be exercised with restraint," requires a finding of bad faith or
16 conduct "tantamount to bad faith." Id. at 1108. Bad faith may be found when recklessness
17 is combined with frivolousness, harassment, or an improper purpose. Id. Mere negligence
18 is insufficient to support sanctions under either § 1927 or the court's inherent power. Fink
19 v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001).

20 Defendant asserts that plaintiffs' counsel's search of the PTO database and their
21 failure to uncover Ochoa's relationship with Universal Mobility during discovery were
22 reckless. Moreover, it asserts that the pleadings and the action as a whole were frivolous
23 because plaintiffs lacked prudential standing under the Patent Act. Thus, it claims that
24 plaintiffs' counsel acted in bad faith by recklessly submitting frivolous filings and
25 maintaining a frivolous action. Plaintiffs' counsel contend that their investigation and
26 conduct were thorough and proper.

27 After review of the exhibits and declarations, we are not persuaded that plaintiffs'
28 counsel acted recklessly. To be sure, their search of the PTO database was not thorough, as

- 3 -

they claim, and the combination of a less than forthcoming client and a poorly executed investigation contributed to avoidable litigation costs. But defendant has not shown that their conduct went beyond negligence into the realm of recklessness. And defendant does not allege that they otherwise acted in bad faith. Because negligent conduct is insufficient to support sanctions, we deny defendant's motion under § 1927 and the court's inherent power. We do not reach plaintiffs' counsel's remaining contentions that § 1927 is inapplicable to the conduct at issue and that this action was not frivolous because plaintiffs could have pursued a viable claim.

### III

Finally, defendant and plaintiffs' counsel disagree on whether defendant moves for sanctions under Rule 11, Fed. R. Civ. P. Defendant argues that plaintiffs' counsel violated Rule 11(b), Fed. R. Civ. P., by signing the pleadings without performing a reasonable inquiry into the support for plaintiffs' factual allegations. Plaintiffs' counsel point out that defendant cannot move for Rule 11 sanctions because it did not provide them with 21 days to correct a violation as required by Rule 11(c)(2), Fed. R. Civ. P. A Rule 11 motion based on a pleading and served after dismissal cannot comply with the safe harbor requirement. Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998). Plaintiffs' counsel request sanctions against defendant for improperly moving for Rule 11 sanctions. In its reply, defendant disclaims any intention of moving under Rule 11 and represents that it raised Rule 11 in connection with its argument that plaintiffs' counsel acted recklessly. Under the circumstances, we conclude that the issue is moot and deny plaintiffs' counsel's request for sanctions.

**IT IS THEREFORE ORDERED DENYING** defendant's motion for sanctions (doc. 78).

**IT IS FURTHER ORDERED DENYING** plaintiffs' counsel's request for sanctions (doc. 82).

DATED this 3rd day of January, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge